UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL AQUICE<br>459 North Armstead Street, Apt. 7<br>Alexandria, Virginia 22312,<br><br>CHRISTIAN AQUICE<br>459 North Armstead Street, Apt. 7<br>Alexandria, Virginia 22312,<br><br>        Plaintiffs<br><br>vs.<br><br>I.A. CONTRACTORS, INC.<br>P.O. Box 4707<br>Arlington, Virginia 22204<br><br>  Serve:<br>Italo Aquice<br>3700 1st Road South<br>Arlington, Virginia 22204,<br><br>ITALO AQUICE<br>3700 1st Road South<br>Arlington, Virginia 22204,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT

Plaintiffs Paul Aquice and Christian Aquice, by counsel, hereby complain and allege as follows:

I. NATURE OF CASE

1.    This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., by Paul Aquice and Christian Aquice against Defendants I.A. Contractors, Inc. and Italo Aquice for overtime violations of the FLSA.

II. JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district and in this division.  Plaintiffs were employed by Defendants in Arlington County, Virginia, in this division and worked throughout Northern Virginia.  Defendant I.A. Contractors, Inc. has its principal place of business in Arlington Virginia and Defendant Italo Aquice resides in Arlington, Virginia and/or Fairfax County, Virginia.

### III. <u>THE PARTIES</u>

4.   Plaintiff Paul Aquice is a resident of Alexandria, Virginia.  From in or about 2006 until on or about July 31, 2016, Plaintiff was employed by Defendants, working as a painter and/or carpenter and/or drywall worker.

5.   Plaintiff Christian Aquice is a resident of Alexandria, Virginia.  From in or about 1999 until on or about October 6, 2016, Plaintiff was employed by Defendants, working as a painter and/or carpenter and/or drywall worker.

6.   Defendant I.A. Contractors, Inc. is a corporation, organized under the laws of Virginia, with its principal place of business in Arlington County, Virginia.  Defendant has regularly conducted business activity throughout Northern Virginia and in Maryland and the District of Columbia.  Defendant is a construction contractor.

7.   Defendant Italo Aquice is the President and the majority owner and/or a significant owner of I.A. Contractors, Inc.

Defendant Italo Aquice has regularly conducted business activity in Arlington County, Virginia and in other parts of Northern Virginia, including through I.A. Contractors, Inc.   Mr. Aquice is a resident of Arlington County and/or Fairfax County, Virginia.

## IV. FACTS

8.    Defendant I.A. Contractors, Inc. had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

9.    Defendant I.A. Contractors, Inc. was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

10.    Defendant I.A. Contractors, Inc. was an enterprise engaged in interstate commerce or in the production of good for interstate commerce at all times relevant herein.

11.    Defendants engaged in interstate commerce by such means as regularly performing construction work in Virginia, Maryland, and the District of Columbia, regularly engaging in telephone calls with persons in other states, regularly sending mail to and receiving mail from persons in other states, making business transactions in interstate commerce, and using goods manufactured in other states.

12.    Defendants were all employers of Plaintiffs for purposes of the FLSA.

13.    Plaintiffs were jointly employed by Defendants for purposes of the FLSA at all times relevant herein.

3

14.   Italo Aquice acted directly or indirectly in the interest of I.A. Contractors, Inc. in relation to Plaintiffs for purposes of the FLSA.

15.   Italo Aquice had operational control of significant aspects of the day-to-day functions of I.A. Contractors, Inc., including decisions on the hiring, firing, and compensation of employees, at all times relevant herein.

16.   Italo Aquice exercised control over the work situation at I. A. Contractors, Inc. at all times relevant herein.

17.   Italo Aquice had the power to hire and fire employees, had the power to supervise and/or control employees' work schedules or conditions of employment, had the power to determine the rate and method of employee compensation, and had authority over maintenance of employment records.

18.   Plaintiffs engaged in commerce across state lines in the course of their employment with Defendants by, without limitation, using goods manufactured in other states and engaging in telephone calls across state lines.

19.   Plaintiffs regularly worked more than 40 hours a week for Defendants.

20.   Defendants and/or their agents required and/or suffered or permitted Plaintiffs to work overtime hours.

21.   Defendants scheduled Plaintiffs to work more than 40 hours a week for Defendants.

22.   Defendants paid Plaintiffs on an hourly basis.

4

23.  Defendants paid Plaintiffs no more than their base hourly rate for overtime hours worked for all and/or much of their employment with Defendants.

24.  Defendants paid Plaintiffs on an hourly basis, but did not pay Plaintiffs one and one-half times their regular rate of pay for hours worked over 40 for all and/or much of their employment with Defendants.

25.  Defendants knew that Plaintiffs were working more than 40 hours a week without overtime compensation and/or without being paid time and one-half their regular rate of pay for hours worked over 40.

26.  Plaintiffs' pay stubs showed that they regularly worked more than 40 hours a week but did not receive proper overtime compensation, for all and/or much of their employment with Defendants.

27.  Paul Aquice's pay stub shows that he worked 43 hours during the workweek starting May 2, 2015 and ending May 8, 2015 and further shows that he was paid $15.00 an hour for each hour worked.

28.  Paul Aquice's pay stub shows that he worked 60 hours during the workweek starting August 1, 2015 and ending August 7, 2015 and further shows that he was paid $15.00 an hour for each hour worked.

29.  Paul Aquice's pay stub shows that he worked 54 hours during the workweek starting August 8, 2015 and ending August 14, 2015 and further shows that he was paid $15.00 an hour for each hour worked.

30.   Paul Aquice's pay stub shows that he worked 48 hours during the workweek starting February 20, 2016 and ending February 26, 2016 and further shows that he was paid $16.00 an hour for each hour worked.

31.   Paul Aquice's pay stub shows that he worked 46 hours during the workweek starting February 27, 2016 and ending March 4, 2016 and further shows that he was paid $16.00 an hour for each hour worked.

32.   Paul Aquice's pay stub shows that he worked 55 hours during the workweek starting May 4, 2016 and ending May 10, 2016 and further shows that he was paid $16.00 an hour for each hour worked.

33.   Paul Aquice's pay stub shows that he worked 52 hours during the workweek starting May 11, 2016 and ending May 17, 2016 and further shows that he was paid $16.00 an hour for each hours worked.

34.   Paul Aquice's pay stub shows that he worked 49 hours during the workweek starting May 18, 2016 and ending May 24, 2016 and further shows that he was paid $16.00 an hour for each hour worked.

35.   Christian Aquice's pay stub shows that he worked 47 hours during the workweek starting March 26, 2016 and ending April 8, 2016 and further shows that he was paid $16.00 an hour for each hour worked.

36.   Christian Aquice's pay stub shows that he worked 42 hours during the workweek starting April 20, 2016 and ending April 26,

2016 and further shows that he was paid $16.00 an hour for each hour worked.

37. Christian Aquice's pay stub shows that he worked 49 hours during the workweek starting April 27, 2016 and ending May 3, 2016 and further shows that he was paid $16.00 an hour for each hour worked.

38. Christian Aquice's pay stub shows that he worked 51 hours during the workweek starting May 18, 2016 and ending May 24, 2016 and further shows that he was paid $16.00 an hour for each hour worked.

39. Christian Aquice's pay stub shows that he worked 45 hours during the workweek starting June 8, 2016 and ending June 14, 2016 and further shows that he was paid $16.00 an hour for each hour worked.

40. Plaintiffs are both due additional compensation for each hour worked over 40 during their employment with Defendants.

41. Defendants knew that it was unlawful to fail to pay overtime compensation to an employee who was paid on an hourly basis and who worked more than 40 hours a week. Alternatively, Defendants acted in reckless disregard of the law in not knowing that such actions were unlawful.

42. Defendants failed to post in the workplace the poster concerning rights under the FLSA required by the U.S. Department of Labor under 29 C.F.R. §516.4.

V. <u>CLAIMS FOR RELIEF</u>

COUNT ONE
<u>VIOLATION OF FLSA OVERTIME REQUIREMENTS</u>

43.   The allegations of the preceding paragraphs are here realleged.

44.   Defendants did not compensate Plaintiffs at the proper rate for all hours that Defendants required and/or "suffered or permitted" Plaintiffs to work for Defendants with the actual or constructive knowledge of Defendants.

45.   Defendants regularly and willfully required Plaintiffs to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

46.   Defendants did not pay Plaintiffs one and one-half times their FLSA regular rate of pay for all of the hours they worked in excess of 40 in each workweek (i.e., Defendants did not pay overtime compensation required by law for all overtime hours worked).

47.   Defendants regularly and willfully violated the FLSA by not compensating Plaintiffs at the proper rate for all hours they were required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiffs.

48.   By reason of the foregoing, Plaintiffs have been damaged and are due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants I.A. Contractors, Inc. and Italo Aquice, jointly and severally, for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

Respectfully submitted,
Paul Aquice
Christian Aquice
By counsel:

John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com

Daniel P. Barrera, #32185
The Barrera Law Firm, PLLC
5845 Richmond Highway, Suite 620
Alexandria, Virginia 22303
(703) 955-4007
(703) 663-9200 (fax)
dbarrera@barreralawfirm.com